# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 5, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| CARL BROWNING, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-135V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Petitioner's Motion for a Decision |
| AND HUMAN SERVICES, | * | Dismissing the Petition; Pneumococcal |
| | * | Vaccination; Lung Scarring; Difficulty |
| Respondent. | * | Breathing; Pain. |
| | * | |
| * * * * * * * * * * * * * | | |

Renee J. Gentry, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for petitioner.
Molly D. Gorney, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On January 26, 2018, Carl Browning ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2] Petitioner alleged that he suffered from injuries, including lung scarring, chronic difficulty breathing, and pain as a result of a pneumococcal vaccination allegedly administered on January 27, 2016. Petition at 1 (ECF No. 1).

On January 4, 2021, the undersigned issued an Order to Show Cause for petitioner's repeated failure to file letters of administration after Mr. Browning passed away. Order to Show

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Cause dated Jan. 4, 2021 (ECF No. 54).  The Order to Show Cause requested petitioner's family to file the letters of administration and a motion to substitute to name a proper petitioner no later than March 5, 2021.  Id. at 2.

On March 5, 2021, petitioner's family moved for a decision dismissing the case, stating that "[a]n investigation of the facts and science supporting has demonstrated to the family that they will be unable to prove they are entitled to compensation in the Vaccine Program" and "to proceed further would be unreasonable and would waste the resources of the Court, the respondent, and the Vaccine Program."  Petitioner's Family's Motion for a Decision Dismissing Petition, filed Mar. 5, 2021, at ¶¶ 1-2 (ECF No. 55).  Petitioner's family stated that they understand that a decision by the Special Master will result in a judgment against them, and that they have been advised that such judgment will end all of their rights under the Vaccine Act.  Id. at ¶ 3.  Furthermore, they intend to elect to reject the Vaccine Program judgment against them and elect to file a civil action.  Id. at ¶ 5.

To receive compensation under the Program, petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by the vaccination.  See §§ 11(c)(1), 13(a)(1)(A).  The records submitted by petitioner and his family show that he does not meet the statutory requirement under 42 U.S.C. § 300aa-11(c)(1)(D)(i) to establish entitlement to compensation.  The Federal Circuit has explained that the eligibility requirements in Section 11(c) are not mere pleading requirements or matters of proof at trial, but instead are "threshold criteri[a] for seeking entry into the compensation program."  Black v. Sec'y of Health & Hum. Servs., 93 F.3d 781, 785-87 (Fed. Cir. 1996).

Accordingly, in light of petitioner's family's motion and a review of the record, and failure to file letters of administration, or otherwise substitute the proper party, the undersigned finds that petitioner is not entitled to compensation.  **Thus, this case is dismissed.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master