# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: July 29, 2021)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| CARL BROWNING, | * | UNPUBLISHED |
| | * | No. 18-135V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Renee J. Gentry, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, DC, for petitioner.
Mollie D. Gorney, U.S. Department of Justice, Washington, D.C., for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On January 26, 2018, Carl Browning ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioner alleged that he suffered from injuries including lung scarring, chronic difficulty breathing, and pain as a result of a pneumococcal vaccination allegedly administered on January 27, 2016. On March 5, 2021, petitioner's family moved for a decision dismissing the petition and on the same day, the undersigned issued her decision dismissing the petition for insufficient proof. (ECF No. 56).

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

On April 5, 2021, petitioner filed an application for attorneys' fees and costs.  Motion for Attorney Fees and Costs (ECF No. 61).  Petitioner requests compensation in the amount of $36,923.25, representing $29,923.25 in attorneys' fees and $7,000.00 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, counsel has stated that there is no party to sign a statement because petitioner has passed away and his family has declined to create an estate, but that petitioner did not pay a retainer to his counsel and to the best of counsel's knowledge, petitioner did not incur any costs related to the litigation. Fees App. Ex. 1 at 10. Respondent filed his response on April 6, 2021, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 62). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $35,328.17.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1).  In this case, although the petition was eventually dismissed, the undersigned does not doubt that it was filed in good faith, and the evidence on the record supports the case having a reasonable basis up until its eventual dismissal. Respondent also has not challenged the good faith or reasonable basis of the claim. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her]

experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Renee Gentry, $424.00 per hour for work performed in 2017, $435.00 per hour for work performed in 2018, $440.00 per hour for work performed in 2019, and $445.00 per hour for work performed in 2020, and for Mr. Cliff Shoemaker, $430.00 per hour for work performed in 2016, $440.00 per hour for work performed in 2017, $450.00 per hour for work performed in 2018, and $460.00 per hour for work performed in 2019. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

Petitioner also requests a rate of $150.00 per hour for work performed by students at the George Washington University Law School Vaccine Injury Clinic from 2017 to 2021. As case law reflects and as Ms. Gentry notes in her affidavit, these student-attorneys have routinely had their work billed at $145.00 per hour and been awarded that rate. Fees App. Ex. 1 at 13; see also Temes v. Sec'y of Health & Human Servs., No. 16-1465V, 2021 WL 2375787, at *3 (Fed. Cl. Spec. Mstr. Apr. 15, 2021). While the undersigned finds it reasonable to increase this hourly rate for work performed in 2021, work performed in this case from 2017-2020 must be compensated at $145.00 per hour consistent with what has previously been requested and awarded. Application of this rate results in a reduction of $290.08.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760

3

(1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be largely reasonable. The billing entries accurately reflect the nature of the work performed and the only billing entry the undersigned finds to be unreasonable is an entry from a student attorney on 11/16/2018 in which 10 hours were billed on "Call to client re: affidavit." Fees App. Ex. 1 at 14. A reasonable explanation for this error would be that the student intended to bill one hour for this task, which is consistent with a previous phone call made to the client and what the undersigned would expect a reasonable amount of time to be for this task. Accordingly, 9 hours of time will be reduced totaling $1,305.00.

Accordingly, petitioner is awarded final attorneys' fees in the amount of $28,328.17.

### b. Attorneys' Costs

Petitioner requests a total of $7,000.00 in attorneys' costs. This amount is for work performed by petitioner's medical expert, Dr. Joseph Bellanti. Fees App. at 19-20. The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

### II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| Attorneys' Fees Requested | $29,923.25 |
|---|---|
| (Total Reduction from Billing Hours) | - ($1,595.08) |
| **Total Attorneys' Fees Awarded** | **$28,328.17** |
| | |
| Attorneys' Costs Requested | $7,000.00 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$7,000.00** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$35,328.17** |

**Accordingly, the undersigned awards a lump sum in the amount of $35,328.17, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner's counsel, Ms. Renee Gentry.[3]**

---

[3] As requested in the status conference held on July 27, 2021, petitioner's counsel filed a motion for leave to have attorneys' fees and costs paid directly to counsel in light of petitioner's death and an affidavit of counsel on that same day. (ECF No. 63). The affidavit details how following the death of petitioner, counsel endeavored for a year to have petitioner's surviving family establish an estate, but that all family members were either unable or unwilling

     In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

     **IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

to do so and pursue the case. In light of these representations, the undersigned granted petitioner's motion on July 29, 2021 (ECF No. 64) and payment of attorneys' fees and costs is being made solely to counsel.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.